**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Andrew Ball, | No. CV-17-00943-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| County of Maricopa, et al., | |
| Defendants. | |

This case was transferred from the United States District Court for the District of Columbia. Plaintiff has filed an application to proceed in forma pauperis (Doc. 2), which will be granted. The Court will screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismiss it with prejudice.

**I.    Legal Standards.**

With respect to in forma pauperis cases, Congress has provided that a district court "shall dismiss the case at any time if the court determines" that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of § 1915 applies to prisoner litigation, § 1915(e) also applies to all in forma pauperis proceedings. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000).

## II. The Complaint.

The caption of Plaintiff's complaint names Maricopa County, the Maricopa County Board of Supervisors, and United States House and Senate Judiciary Committee Chairmen Robert Goodlatte and Charles Grassley. The body of the complaint says nothing about the chairmen. It instead alleges that judges and commissioners of the Maricopa County Superior Court breached their duties in overseeing the estate of Eleanor R. Ball (Plaintiff's mother), that Maricopa County and the Board of Supervisors are responsible for supervising the superior court judges and commissioners, and that the County and Board of Supervisors are therefore liable for breaches of their duties.

This is just the latest in a long string of cases Plaintiff has filed in this Court, most of which arise out of the alleged improper administration of his mother's estate. See 08-cv-00746-GMS, 09-cv-00065-GMS, 09-cv-00066-GMS, 09-cv-00083-JAT, 09-cv-00086-GMS, 09-cv-00085-GMS, 09-cv-00084-JAT, 09-cv-00123-GMS, 09-cv-00122-GMS, 09-cv-00635-LOA, 09-cv-00633-DKD, 10-cv-02107-ROS, 10-cv-02432-MHB, 11-cv-00655-MHB, 12-cv-00037-JAT, 12-cv-01574-BSB, 13-cv-01315-MHB, 14-cv-00248-GMS, 15-cv-01327-NVW. For several reasons, Plaintiff's complaint must be dismissed.

First, Plaintiff identifies no basis for the Court's jurisdiction. He alleges that jurisdiction is based on "appointment of a special prosecutor." Doc. 1, ¶ 3. This allegation does not identify a legitimate basis for federal court jurisdiction.

Second, Plaintiff fails state any legal theory under which he is suing. He alleges simply that Defendants breached a duty of public trust. *Id*. at 9, 11.

Third, his allegation that Maricopa County and its Board of Supervisors oversee the work of superior court judges and commissioners is simply incorrect. As a matter of judicial notice, the Court notes that superior court judges are appointed by the governor, that commissioners are appointed by the superior court's presiding judge, and that the judges and commissioners serve in the Arizona judicial branch of government, which is

overseen by the Arizona Supreme Court. The judges and commissioners are not supervised by the County or the Board of Supervisors.

Fourth, the gravamen of Plaintiff's complaint is that judges and commissioners overseeing his mother's estate breached public duties. But federal law grants absolute immunity to judges acting in their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 355 (1978). Arizona common and statutory law also grant immunity for judicial acts. *Acevedo v. Pima County Adult Prob. Dept.*, 690 P.2d 38, 40 (Ariz. 1984); *Lavit v. Superior Court in and for County of Maricopa*, 839 P.2d 1141, 1144 (Ariz. Ct. App. 1992); A.R.S. § 12–820.02(A)(1).

The Court concludes that Plaintiff could not amend his complaint to state a cognizable claim for breaches of duty by judges and commissioners of Maricopa County Superior Court arising from their judicial actions. The Court notes that Plaintiff has already failed in his attempts to sue the fiduciaries, trustees, attorneys, and others involved in his mother's estate, as reflected in the list of cases set forth above. Attempting to base his recovery on the actions of judges and commissioners fares no better.

**IT IS ORDERED:**

1. Plaintiff's application to proceed in District Court without prepaying fees or costs (Doc. 2) is **granted.**
2. Pursuant to 28 U.S.C. § 1915(e)(2) Plaintiff's complaint is **dismissed with prejudice**.
3. The Clerk is directed to terminate this action.

Dated this 8th day of May, 2017.

_____
David G. Campbell
United States District Judge